**J. BENNETT FRIEDMAN, ESQ.**, State Bar No. 147056
*jfriedman@flg-law.com*
**STEPHEN F. BIEGENZAHN, ESQ.**, State Bar No. 60584
*sbiegenzahn@flg-law.com*
**RACHEL A. FRANZOIA**, State Bar No. 294652
*rfranzoia@flg-law.com*

**FRIEDMAN LAW GROUP, P.C.**
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067-4301
Telephone: (310) 552-8210
Facsimile: (310) 733-5442

Attorneys for Debtor in Possession
HDOS ENTERPRISES

FILED & ENTERED

JUN 18 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY huerta    DEPUTY CLERK

CHANGES MADE BY COURT

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) CASE NO.  2:14-bk-12028-NB |
| | ) |
| | ) Chapter 11 |
| | ) |
| | ) **ORDER GRANTING DEBTOR'S** |
| **HDOS ENTERPRISES**, | ) **MOTION FOR ORDER UNDER 11 U.S.C.** |
| | ) **§ § 105(a), 363(b), AND 503(c)** |
| | ) **AUTHORIZING IMPLEMENTATION OF** |
| | ) **KEY EMPLOYEE RETENTION PLAN** |
| | ) **AND PAYMENT OF ANY OBLIGATIONS** |
| | ) **ARISING THEREUNDER AS** |
| Debtor in Possession. | ) **ADMINISTRATIVE EXPENSES** |
| | ) |
| | ) Date:    June 10, 2014 |
| | ) Time:    11:00 a.m. |
| | ) Place:    Ctrm 1545 |
| | )            255 E. Temple Street |
| | )            Los Angeles, CA 90012 |
| | ) |

A hearing was scheduled to be held June 10, 2014 before the undersigned United States

Bankruptcy Judge, to consider the *Motion For Order Under 11 U.S.C. §§ 105 (a) [etc.]*

*Authorizing Implementation Of Key Employee Retention Program [etc.]* [Doc # 275] ("Motion")

1   filed by HDOS Enterprises, the debtor and debtor in possession ("Debtor") in this chapter 11

2   bankruptcy case ("Case").

3       Notice of the Motion was served on all interested parties, and was adequate under the

4   circumstances.  No objection or other response to the Motion was filed.  Having considered the

5   Motion and all relevant documents on file in the Case; for reasons reflected in the Court's

6   "Tentative Ruling" issued June 9, 2014, *which stated simply that the Motion was unopposed and*

7   *that it appeared appropriate to grant the relief requested therein, and* good cause appearing, it is

8       **ORDERED, ADJUDGED AND DECREED** that the Motion is granted; and

9       Each Critical Employee (as defined in the Motion) shall be entitled to a key employee

10  retention plan bonus, provided that he/she (a) continues in the Debtor's employ through the date

11  the Debtor requires his or her services and is not terminated for "cause," and (b) executes a

12  written release of all claims against the Debtor's estate, whether known or unknown, including

13  any other bonus to which such Critical Employee may be entitled but excluding any allowed

14  claim[s] for unpaid pre-petition or administrative wages or paid time off.

15      Payment of any bonus under the key employee retention plan shall be made on the day

16  that is thirty (30) days after either (i) the effective date of a plan of reorganization, or (ii) the

17  closing of a going concern sale.

18                          # # #

19  .

Date: June 18, 2014

Neil W. Bason
United States Bankruptcy Judge

2